In re OKLAHOMA PLAZA INVESTORS, LTD., Debtor.

OKLAHOMA PLAZA INVESTORS, LTD., Plaintiff,

v.

WAL–MART STORES, INC., Defendant.

Bankruptcy No. 89–01236–C.
Adv. No. 90–0151–C.

United States Bankruptcy Court, N.D. Oklahoma.

Nov. 25, 1996.

A. Daniel Woska, Oklahoma City, OK, for Plaintiff.

Jon B. Comstock, Bentonville, AR, for Defendant.

## MEMORANDUM OPINION ON REMAND

STEVEN J. COVEY, Bankruptcy Judge.

On February 21, 1991, this Court found that Defendant, Wal–Mart Stores, Inc. ("Wal–Mart") had breached its lease with Plaintiff, Oklahoma Plaza Investors, Ltd. ("OPI") in regard to the Rolling Hills Shopping Center in Catoosa, Oklahoma. This Court in its ruling found that the lease between the parties was unambiguous and did not consider any extrinsic evidence as to the intent of the parties to the lease. (A copy of this Memorandum Opinion is attached hereto and made a part hereof.) *

On January 14, 1994, the United States District Court on appeal found that the terms of the lease were ambiguous particularly in regard to the word "desertion." The proceedings were remanded to the bankruptcy court for the purpose of determining the intent of the parties as to the meaning of the word "desertion" and as to whether Wal–Mart breached the lease when it discontinued the operation of the retail store on the lease premises in December 1988. (A copy of the Order of the District Court is attached hereto and made a part hereof).**

Pursuant to the remand order of the District Court this Court conducted an evidentiary hearing on October 28 and 29, 1996. At this hearing, the Court heard witnesses, King, Seay, Bierman, Latch and Longley. King and Bierman were the parties who actually negotiated the lease with Bierman acting on behalf of Wal–Mart and King on behalf of the owner of the property Bob Latch.

The evidence introduced at the hearing established by a preponderance of the evidence the following facts.

1. That the *Use of Premises* clause did not impose upon Wal–Mart a continuous operations obligation. The *Use of Premises* clause merely delineated the uses to which the demised premises could be put.

2. That it was and is very unusual for a lease to contain a continuous operations clause and that if this was the intention of the parties, it would have been clearly delineated in the lease in a separate paragraph.

3. That Wal–Mart never did enter into a lease containing a continuous operations clause and King and Latch understood this.

4. That Wal–Mart did not "desert" the premises when it ceased operating a retail store because it continued paying base rent, taxes, insurance and common area maintenance costs.

Based upon the evidence given at the trial and the above findings of facts this Court finds that Wal–Mart did not breach the lease with Debtor when it ceased operating a retail store on the premises in December 1988 and therefore OPI's claim for breach of lease is denied and its adversary complaint is dismissed.

**IT IS SO ORDERED.**

---

* Editor's Note: This opinion has been previously printed at 124 B.R. 108. The attachment is deleted for publication purposes.

** Editor's Note: This opinion is published separately at 203 B.R. 479. The attachment is deleted for publication purposes.